IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Infor (US), Inc., as plan administrator of the Infor Global Solutions 401(k) Plan, and the Infor Global Solutions 401(k) Plan, <br><br> Plaintiffs, <br><br> v. <br><br> Krisanne Young, Jamie Berg, Sara Bremenkampf, and Austin Young, <br><br> Defendants. | Civil Action File No. 1:16-cv-03151-KMT <br><br> **FIRST AMENDED COMPLAINT** <br> (FED. R. CIV. P. 22 INTERPLEADER) <br> (NON-JURY) |

**FIRST AMENDED COMPLAINT FOR INTERPLEADER**

Infor (US), Inc. (the "Company"), as plan administrator of the Infor Global Solutions 401(k) Plan, and the Infor Global Solutions 401(k) Plan (the "Plan"), as a matter of course[1] and pursuant to Fed. R. Civ. P. 15(a)(1)(A), file this first amended complaint for interpleader[2] pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and Fed. R. Civ. P. 22.

NATURE OF PROCEEDINGS

1. This action involves the entitlement to retirement benefits (the "Funds") arising from the death of Timothy Young ("Decedent"), who was a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

---

[1] None of the defendants have been served as of the date of the filing of this first amended complaint.

[2] This first amended complaint is filed for the sole purpose of correcting the spelling of the name of one of the defendants in the caption.

2. There are conflicting claims to the Funds by two groups of claimed beneficiaries – Decedent's purported surviving spouse, Krisanne Young, and two of Decedent's children, Jamie Berg (formerly known as Jamie Young) and Sara Bremenkampf (the "Surviving Children"). In addition, a fourth person – Austin Young (Decedent's third child) – is listed as a beneficiary on Decedent's beneficiary designation.

3. Plaintiffs bring this action for interpleader to establish the proper rights of the competing beneficiaries under the Plan, to seek resolution of the competing beneficiaries' dispute regarding entitlement to benefits payable under the Plan, and to protect plaintiffs from competing claims and possible multiple liability.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 502(e) & (f), 29 U.S.C. §§ 1132(e) & (f).

5. Venue is proper in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because three of the potential beneficiaries reside in El Paso County, Colorado, within the District of Colorado. Also, certain aspects of the Plan are administered in El Paso County, Colorado, within the District of Colorado.

## PARTIES

6. The Plan is an employee pension benefit plan under ERISA § 3(2), 29 U.S.C. § 1002(2).

7. The Company is the plan administrator and a named fiduciary of the Plan under ERISA §§ 3((16)(A) & 21(A)), 29 U.S.C. §§ 1002((16)(A) & 21(A)).

8. The purported surviving spouse – Krisanne Young – is a claimant of the Funds.

9. Krisanne Young is subject to the jurisdiction and venue of this Court.

10. The Surviving Children are claimants of the Funds.

11. The Surviving Children are subject to the jurisdiction and venue of this Court.

12. Austin Young – Decedent's third child – is listed as a beneficiary on Decedent's beneficiary designation.

13. Austin Young is subject to the jurisdiction and venue of this Court.

14. Plaintiffs are not aware of any additional claimants to the Funds other than Krisanne Young, the Surviving Children, and Austin Young.

## FACTS AND COMPETING CLAIMS

15. Decedent was a participant in the Plan.

16. Decedent's beneficiary designation, made on November 30, 2015, names Decedent's three children – Sara Bremenkampf, Jamie Young (now known as Jamie Berg) and Austin Young – as Decedent's beneficiaries.

17. Decedent selected that he was not married on the beneficiary designation.

18. Decedent passed away on March 20, 2016.

19. After Decedent's death, the Funds became subject to distribution to the proper beneficiary under the Plan.

20. On or about April 4, 2016, Krisanne Young submitted a claim for Decedent's Plan benefits and sought payment of the Funds in her capacity as the purported surviving spouse.

21. Decedent's death certificate lists Krisanne Young as Decedent's surviving spouse.

22. On or about April 19, 2016, Sara Bremenkampf (one of Decedent's three children) sought payment of the Funds in her capacity as a purported beneficiary.

23. On or about June 4, 2016, Jamie Berg (one of Decedent's three children) sought payment of the Funds in her capacity as a purported beneficiary.

24. In connection with the Surviving Children's claims for the Funds, they submitted a copy of a court order of legal separation between Decedent and Krisanne Young issued by the District Court of El Paso County, Colorado, on August 24, 2015.

25. In subsequent communications with plaintiffs, Krisanne Young has argued that Decedent's non-spouse beneficiary designation under the Plan was not valid and that she is the proper beneficiary.

26. Krisanne Young and the Surviving Children have all made claims for the Funds.

27. Plaintiffs allege on information and belief that Austin Young (Decedent's third child, listed as a beneficiary on the beneficiary designation) may also make or have a claim for the Funds.

28. Because of the conflicting claims to the Funds, the Plan faces potential multiple liability. This interpleader action is necessary to protect the plaintiffs from potential multiple liability.

29. Plaintiffs do not assert any interest in the Funds and do not dispute that the Funds are owed to one or more of the claimants. Plaintiffs are mere disinterested stakeholders to this action, with no interest in the controversy among the potential claimants.

30. Plaintiffs seek certainty regarding the potential claimants' rights to the Funds and seek to protect themselves from potential multiple liability.

## COUNT I – CLAIM FOR INTERPLEADER

31. Plaintiffs repeat and incorporate herein by reference the allegations of paragraphs 1 through 30 of the complaint as though fully set forth herein.

32. There are adverse claimants who have asserted entitlement to the Funds.

33. Plaintiffs are unable to determine which defendant(s) is entitled to the Funds and cannot currently pay any portion of the Funds without danger of being subjected to multiple litigation and/or liability.

34. Plaintiffs may be exposed to multiple liabilities unless this Court requires the defendants as competing claimants to interplead and assert in this proceeding any claims they may have to the Funds.

35. Rather than seeking to deposit the Funds into the Registry of this Court, plaintiffs seek an immediate order from the Court allowing the Plan trustee to retain the Funds in trust pending the Court's resolution of the competing claims to the Funds. The Funds would remain in the Plan, in the investment fund designated by Decedent, where they will be held in trust.

36. Plaintiffs seek to continue to hold the Funds in trust – rather than depositing the Funds into the Registry of this Court – to avoid tax reporting issues and other tax and administrative complications for the Plan and the eventual beneficiary or beneficiaries.

37. No distribution may properly occur until the proper beneficiary or beneficiaries of the Funds are identified. Any distribution from the Plan must be reported to the Internal Revenue Service and to the recipient of the distribution on a Form 1099R. If the ultimate

recipient of the Funds is unknown, the required tax reporting cannot occur, which itself is a violation of applicable reporting requirements.

38. Once the distribution occurs, income taxes may be due by the recipient(s) of the distribution. This required taxation cannot occur until the proper recipient(s) of the Funds is known. For this additional reason, plaintiffs seek to delay distribution until this Court determines the proper recipient(s) of the Funds.

39. After the Court issues a final decision regarding the proper beneficiary(ies) of the Funds, the Plan trustee will promptly distribute the Funds directly to the beneficiary(ies) designated by the Court in the manner required by ERISA and the Internal Revenue Code and make all required tax reporting.

40. Any interest or earnings accruing to the Funds pending this Court's resolution of the competing claims to the Funds will accrue to the benefit of the eventual beneficiary or beneficiaries, not the Plan.

41. Plaintiffs do not at this time seek attorneys' fees or expenses for this interpleader.

42. Plaintiffs are entitled to an order of interpleader and an order dismissing plaintiffs from this action pursuant to Fed. R. Civ. P. 22 and 29 U.S.C. §1132(a)(3), ERISA § 502(a)(3).

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court grant relief as follows:

A. Enter an order of interpleader requiring the interpleader defendants to establish and litigate their respective rights to the Funds and to proceed in this action to determine the proper disposition of the Funds.

B. Enter an order allowing the Plan trustee to retain the Funds in trust (in the investment fund designated by Decedent) pending the Court's resolution of the competing claims to the Funds.

C. Enter an order dismissing plaintiffs from this action with prejudice.

D. Enter an injunction and order barring defendants, and their successors and assigns, from instituting or prosecuting any action in any court or asserting any claims against the plaintiffs with respect to the Funds.

E. Grant and award plaintiffs such other and further equitable relief as this Court deems just and proper.

Dated: December 28, 2016.

Respectfully submitted,

/s Randall A. Constantine
Randall A. Constantine
Georgia Bar No. 182444
MAZURSKY CONSTANTINE LLC
999 Peachtree Street
Suite 1500
Atlanta, GA 30309
404.888.8877
404.926.2977 (facsimile)
rconstantine@mazconlaw.com

Attorneys for plaintiffs Infor (US), Inc. and the Infor Global Solutions 401(k) Plan

4826-7374-5215, v. 1